UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MURPHY,<br>Plaintiff,<br>v.<br>PABCO BUILDING PRODUCTS, LLC and RYAN LEADINGHAM,<br>Defendants. | No. 2:25-cv-2890 WBS AC<br><br>ORDER |

This matter is before the court on plaintiff's motion for a protective order regarding the sequencing of depositions. ECF No. 22. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1). The parties submitted the required joint statement. ECF No. 23. The motion was taken under submission. ECF No. 24. For the reasons set forth below, the motion is GRANTED and plaintiff shall proceed first with his properly noticed depositions before he is deposed by defendants.

## I. Relevant Background

This is an employment action in which plaintiff claims he was discriminated against by his employer and former supervisor based on age. ECF No. 23 at 3. This discovery dispute at bar concerns an impasse between the parties regarding the proposed order and priority of depositions sought by each side. Each party claims it has the right to proceed with depositions before the other.

On April 6, 2026, counsel for defendants emailed plaintiff's counsel a draft Joint Status Report. ECF No. 23-2 at 7. In light of the significant number of witnesses identified by plaintiff, defendants proposed "an extended discovery period to allow for a reasonable and orderly completion of discovery" through November 12, 2027. Id., ECF No. 23-2 at 2-3. In that same email, defendants' counsel advised plaintiff's counsel as follows: "[w]e will also need to meet and confer regarding the number of depositions Defendants [sic] anticipate taking. As an initial matter, Defendants intend to proceed first with Mr. Murphy's deposition." ECF No. 23-2 at 7. Defendants contend that plaintiff's counsel never objected to their stated intention to depose plaintiff before any other depositions proceeded. ECF No. 23-1 at 96, 99. Plaintiff contends that his counsel understood those words to be referring only to the order in which defendants intended to proceed with their *own* depositions, and did not believe or understand defendants to be indicating that defendants wanted plaintiff's deposition to occur before allowing plaintiff to take any of his own depositions. ECF No. 23-1 at 100-101.

On April 24, 2026, plaintiff's counsel served defendants with notices of deposition for the following individuals: Leadingham, Kazienko, Kimberly Bright, Nereida Yanez Lenoir, and Phillip Bonnell. ECF No. 23-1 at 4-43. The notices set those depositions for June 16, 17, 18, 19, and 22 of 2026, respectively. Id. Defendants contend that plaintiff's counsel did not meet and confer to determine the availability of the witnesses or defendants' counsel before serving the deposition notices. ECF No. 23-2 at 4. Plaintiff contends that the service of these notices was plaintiff's initial efforts to meet and confer, as the service of the notices advised defendants of the witnesses that plaintiff intended to depose and the order in which plaintiff intended to proceed, and afforded defendants almost two months to either produce the witnesses on the selected dates or offer alternate dates after determining their witnesses' availability. ECF No. 23 at 5.

On April 30, 2026, defendants' counsel served plaintiff with a notice of deposition for plaintiff, noticing the deposition for an *earlier date*, June 9, 2026, which defendants' counsel contends is consistent with their April 6, 2026, email expressing the intention take plaintiff's deposition first. ECF No. 23-2 at 3. Plaintiff contends that service of this deposition notice was

an inappropriate attempt to undercut his earlier-served deposition notices. ECF No. 23 at 5. Having been unable to resolve the question of "who goes first," plaintiff filed the motion at bar.

## II. Analysis

Although this motion is styled as a motion for a protective order, there is no dispute as to any party's right to take any of the noticed depositions, the only question is sequencing. Federal Rule of Civil Procedure 26(d) addresses the timing and sequence of discovery and provides in relevant part,

> (3) *Sequence*. Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>
> (A) methods of discovery may be used in any sequence; and
>
> (B) discovery by one party does not require any other party to delay its discovery."

FRCP Rules 26(d)(3). Courts generally avoid weighing in on the sequencing of depositions. See, e.g., Stein v. Tri-City Healthcare Dist., No. 12-CV-2524-BTM BGS, 2014 WL 458021, at *1 (S.D. Cal. Feb. 4, 2014) ("Courts do not routinely grant protective orders altering the sequence of depositions."); Russell v. Maman, No. 18-CV-06691-RS (AGT), 2020 WL 5943844, at *4 (N.D. Cal. Oct. 7, 2020) ("There is no legal precedent giving a party the right to demand discovery in a certain order[.]").

As other courts have noted when faced with similar disputes, there is no compelling reason why the parties could not have resolved this dispute on their own. A dispute of this nature coming to court so early in the case is concerning, and the court strongly suggests that the parties work much harder in the future to find mutually agreeable solutions to basic discovery conflicts. "Nevertheless," as they say, "someone has to go first." Hill v. Forward Air Sols., Inc., No. 3:10-CV-0665-RJC-DCK, 2011 WL 1130868, at *3 (W.D.N.C. Mar. 24, 2011). In the interest of moving this case forward, and in light of the broad discretion of the court in directing discovery, the undersigned will rule on the motion.

Having considered the totality of the arguments and documents presented, the court agrees with plaintiff that his notice was served first, and that his depositions should accordingly go

forward first. Defendants' April 6, 2026 e-mailed statement that "Defendants intend to proceed first with Mr. Murphy's deposition" is most straightforwardly read as defendant's statement that, of the depositions *they intend to take*, they will take Mr. Murphy's first. To the extent defendants intended this statement to mean something else, it was not clearly drafted such that plaintiff was on notice of the intended meaning. Accordingly, following a simple "first served" line of reasoning, plaintiff should be permitted to proceed with his depositions first.

## III. Conclusion

Plaintiff's discovery motion (ECF No. 22) is GRANTED. The parties shall bear their own fees and costs related to this motion.

IT IS SO ORDERED.

DATED: October 7, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE